IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 10-663-4 |
| | : |
| JAQUEL CREWS | : |

## ORDER AND FORFEITURE MONEY JUDGMENT

**AND NOW**, this 14th day of August, 2012, upon consideration of the Government's Motion for Forfeiture Money Judgment (Docket No. 310), all documents filed in connection therewith, the Hearing held on July 31, 2012, and for the reasons stated on the record during the July 31, 2012 Hearing and in the accompanying Memorandum, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED AS FOLLOWS**:

1. As a result of Defendant's conviction on Count Five of Second Superseding Indictment No. 10-663, he is required, pursuant to 21 U.S.C. § 853, to criminally forfeit his interest in any and all property, real or personal, used or intended to be used to commit, or to facilitate the commission of the conspiracy to distribute controlled substances (cocaine and cocaine base), in violation of 21 U.S.C. § 846, and any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of this offense.

2. We have determined that the sum of $5,000,000 is subject to forfeiture as a result of the Defendant's conviction on Count Five of Second Superseding Indictment No. 10-663. This sum is the amount of property which was used to commit, or to facilitate the commission of the conspiracy to distribute controlled substances, in violation of

21 U.S.C. § 846 and was property constituting, or derived from, proceeds obtained directly or indirectly from the commission of this offense. The Government has established the requisite nexus between this sum and the offense.

3. A personal forfeiture money judgment in the amount of $5,000,000 is hereby entered against Defendant Jaquel Crews and in favor of the United States. Defendant shall be jointly and severally liable for the Forfeiture Money Judgment in this amount with his co-defendant, Mark Miller.

4. Any property recovered from this Defendant and forfeited by the Government shall reduce each of the Defendants' joint and several outstanding liability on the Personal Forfeiture Money Judgments.

5. Upon the entry of this Order, the United States is authorized to conduct any discovery necessary to identify and locate property subject to forfeiture as substitute assets, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

6. Because the Government seeks only a money judgment and does not seek the forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. See Fed. R. Crim. P. 32.2(c)(1).

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Forfeiture Money Judgment shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment entered against the Defendant.

8. We shall retain jurisdiction to enforce this Forfeiture Money Judgment, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9. The Clerk of Court shall deliver a copy of this Forfeiture Money Judgment to the United States Marshals Service and to counsel for the parties.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.